IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                              )
                                    )
NORTHPAK COMPANY,                   )
                                    ) Docket No. 11-39201
                                    )
                                    ) Judge Jack B. Schmetterer
                                    )
                     Debtor.        ) Chapter 11
                                    )

## FINAL ORDER APPROVING
## USE OF CASH COLLATERAL

This matter coming to be heard on the Motion of NORTHPAK COMPANY, Debtor (hereinafter, Debtor), for the authority to use cash collateral; the Court having examined the foregoing Motion; and the Court being fully advised in the premises;

THE PARTIES STIPULATE THAT:

1. An Interim Order approving the use of cash collateral was entered on October 18, 2011.

2. The United States of America, Internal Revenue Service (the "Service"), claims, and the Debtor acknowledges, that the Service has valid liens upon all property of the Debtor existing as of the date of the filing of the petition herein including accounts receivable, inventory, and the cash proceeds thereof.

3. An immediate need exists for the Debtor to use cash collateral in order to continue the operation of its business. Pursuant to 11 U.S.C. § 363, the proceeds of accounts receivable,

11 B 39201                                                      2
USBC ND IL ED

contract rights, inventory, and general intangibles are cash collateral. The Service has indicated a willingness to consent to the Debtor's use of a limited amount of cash collateral provided that the Service is granted adequate protection pursuant to 11 U.S.C. § 361.

4. The Debtor has agreed to and does grant to the Service a replacement lien on all post-petition property of the debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Service's pre-petition lien.

5. Pursuant to 11 U.S.C. § 361, the Debtor has agreed to make periodic payments of $2,500.00 to the Service on the first day of each month in order to adequately protect the secured interest of the Service.

6. The liens granted herein to the Service shall be valid, perfected, and enforceable without any further action by the Debtor or the Service, and without the execution or recordation of any financing statements, security agreements, or other documents.

11 B 39201                                3
USBC ND IL ED

   IT IS THEREFORE ORDERED:

   A.  The Debtor is authorized to use the Service's cash collateral upon the terms set forth in this Order.

   B.  The Service is hereby granted a replacement lien on all post-petition property of the debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof.  Said replacement lien shall have the same validity, extent and priority as the Service's pre-petition lien.

   C.  Prior to confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the Service $2,500.00 on the first day of each month thereafter until confirmation of a Plan of Reorganization. Said payments will be applied to the Service's secured claim in the best interest of the government (applied to the earliest year for which there is a liability — first to the tax, then to the penalties and finally to the interest).  Allocation of the funds received by the Service is subject to recharacterization through a subsequent Order of the Court.

   D.  After confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the Service the monthly

11 B 39201                                           4
USBC ND IL ED

installment payments of the balance of said indebtedness in accordance with the terms set forth in the confirmed Plan of Reorganization.

E.  At all times during the pendency of these proceedings, the Debtor shall maintain insurance covering the full value of their machinery, furniture, and inventory.

F.  In the event the Debtor fails to fully comply with the terms of this Order, or in the event that a valid, final order of confirmation is not entered in these proceedings within one year of the entry of this order, or if the order of confirmation is vacated, reversed, or set aside on review, appeal or otherwise, then, in any of those events, the Service may, on notice, move to have the stay provided by 11 U.S.C. § 362(a) modified to permit the Service to proceed at once to enforce any and all of its rights as a secured creditor.

G.  A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect the Service's secured position or the ultimate collectibility of its claim herein shall be timely mailed to the following:

11 B 39201                                    5
<u>USBC ND IL ED</u>

        IRS Counsel, SB/SE
        200 West Adams, Suite 2300
        Chicago, Illinois 60606

        Internal Revenue Service
        Insolvency Unit
        230 South Dearborn
        Chicago, Illinois 60604
        Mail Stop 5010 CHI

11 B 39201
USBC ND IL ED
———————

    H.  All payments made pursuant to this order shall be timely to mailed to the Service at the following address:

    IRS Counsel, SB/SE
    Attn: Gorica B. Djuraskovic, Attorney
    200 West Adams, Suite 2300
    Chicago, Illinois 60606

AGREED:

|  |  |
|---|---|
| _____ | UNITED STATES OF AMERICA<br>Internal Revenue Service<br><br>Patrick J. Fitzgerald<br>United States Attorney<br><br>By: _____ |
| ELISABETH A. MOHR<br>(#6290264)<br>Counsel of the Debtor<br>200 S. Michigan Ave., Ste. 209<br>Chicago, IL 60604<br>Telephone: (312) 294-4410 | GORICA B. DJURASKOVIC<br>(#6281738)<br>Special Assistant<br>United States Attorney<br>200 West Adams St., Ste. 2300<br>Chicago, IL 60606<br>Telephone: (312) 368-8158 |

Date: 12/7/11

Date: 12/7/11

E N T E R:

_____
The Honorable Jack B. Schmetterer

Date: 12/8/11

DEC 8 2011